UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **RICHARD R. THOMPSON,** )<br>)<br>   **Plaintiff,** )<br>)<br>      vs. )<br>)<br>**OPERATIVE PLASTERERS' AND CEMENT** )<br>**MASONS' INTERNATIONAL ASSOCIATION** )<br>**OF THE UNITED STATES AND CANADA,** )<br>)<br>   **Defendant.** ) | **CAUSE NO. 1:11-cv-411-WTL-DKL** |

## ENTRY ON MOTION TO DISMISS AMENDED COMPLAINT

This cause is before the Court on a motion to dismiss filed by Defendant Operative Plasterer's and Cement Masons' International Association of the United States and Canada ("OPCMI") (dkt. no. 23). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

Plaintiff Richard Thompson originally filed this action against the Operative Plasterer's and Cement Masons' Local 692 ("Local 692") and its business agent, Mark McCleskey, alleging that they violated Title VII and the Indiana Constitution when they failed to hire him for a position because of his race. The Defendants filed a motion to dismiss the Plaintiff's complaint on the ground that Local 692 did not have at least 15 employees and therefore did not satisfy the definition of employer under Title VII. In response, the Plaintiff moved for leave to file an amended complaint which dropped the claim under the Indiana Constitution and dismissed Local 692 and McCleskey as defendants, naming OPCMI as the sole defendant instead. The Plaintiff's motion to amend was granted. Defendant OPCMI has now moved to dismiss the amended complaint on two grounds; the Court considers only the first, because it is dispositive.[1]

---

[1] For the second time in this case, Thompson asserts the following: "The Defendant attached additional documents to its Motion to Dismiss, accordingly, pursuant to Federal Rule of Civil Procedure 12(d), the Motion to Dismiss has been converted to a Motion for Summary Judgment and the Plaintiff believes that he should be granted time to conduct discovery in order to appropriately respond." As the Court previously has explained to Thompson, the suggestion that

OPCMI correctly argues that Thompson's amended complaint should be dismissed because Thompson failed to name it in his EEOC charge. "Ordinarily, a party not named as the respondent in an EEOC charge may not be sued under Title VII." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1089 (7th Cir. 2008) (citing *Olsen v. Marshall & Ilsley Corp.*, 267 F.3d 597, 604 (7th Cir. 2001); *Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir.1989)).

> The requirement that a party be named in the EEOC charge is not jurisdictional, and it is subject to defenses such as waiver and estoppel. The purpose of requiring the complaint to match the EEOC charge is to give the employer some warning of the conduct about which the employee is aggrieved and afford the EEOC and the employer an opportunity to attempt conciliation without resort to the courts. Therefore, we have recognized an exception to the rule where an unnamed party has been provided with adequate notice of the charge, under circumstances where the party has been given the opportunity to participate in conciliation proceedings.

*Tamayo*, 526 F.3d at 1089 (citations omitted). Thus, it is theoretically possible that Thompson could bring suit against OPCMI even though OPCMI was not named in his EEOC charge. Theoretical possibility is not enough to satisfy even the notice pleading standard, however; rather, to withstand a motion to dismiss, a complaint must allege "enough facts to render the claims facially plausible, not just conceivable." *Estate of Davis v. Wells Fargo Bank*, 633 F.3d 529, 533 (7th Cir. 2011). Thompson's amended complaint contains no facts at all from which the Court could determine that it is plausible that OPCMI had adequate notice that Thompson intended to bring a charge against it and had the opportunity to participate in conciliation proceedings.[2]

---

attaching "additional documents" to a motion to dismiss automatically converts it to a motion for summary judgment is incorrect. *See, e.g., McCready v. eBay, Inc.,* 453 F.3d 882, 891 (7th Cir. 2006). In any event, the additional documents in question are not relevant to this ruling and therefore have not been considered.

[2]In paragraph 7 of the amended complaint, Thompson asserts that "Local 692 and other local union arms of OPCMIA are subject to the oversight,and discipline from the OPCMIA and must comport its activities and behavior as dictated by OPCMIA." This does not mean that notice to Local 692 constitutes notice to OPCMI. *Cf. Schnellbaecher v. Baskin Clothing Co.*, 887 F.2d 124, 126 (7th Cir. 1989) (affirming dismissal of claim against parent company where only subsidiary was named in EEOC charge even though parent determined subsidiary's personnel policies and the two shared corporate offices, corporate counsel and managerial staffs and parent had notice of charge against subsidiary); *see also LeBeau v. Libbey-Owens-Ford Co.*,

Indeed, it is apparent that Thompson did *not* intend to bring a charge against OPCMI, inasmuch as Thompson originally filed suit against the two parties whom he named in his EEOC charge and did not pursue a claim against OPCMI until he learned that those parties were not viable defendants. Thus, as was the case in *Tamayo*, Thompson's complaint must be dismissed for failure to state a claim.

For the reasons set forth above, OPCMI's motion to dismiss is **GRANTED**. Further, because nothing in Thompson's response to the instant motion suggests that there are additional facts that Thompson could assert that would cure the deficiency in his amended complaint, the Court will enter judgment at this time.

SO ORDERED: 11/15/2011

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification

---

484 F.2d 798, 799 (7th Cir.1973) (affirming dismissal of international union because only local was named in EEOC charge).